UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 00-6333-CR-FERGUSON

UNITED STATES OF AMERICA

v.

JOSEPH FELZER and
KIMBERLY ADAMS,

    DEFENDANT,
_____/



### GOVERNMENT'S RESPONSE TO STANDING DISCOVERY ORDER

The United States of America, in response to the Standing Discovery Order issued in this case file this response which is alphabetized and numbered to correspond to that original order and states as follows:

    A.  1.  There are written or recorded statements made by the defendant. See attached advise of rights forms for FELZER and ADAMS executed on October 23, 2000. See enclosed tape recorded interviews of the defendants conducted by Fort Lauderdale Detective Jim Young.

        2.  The defendants made oral statements after arrest, in this matter in response to interrogation by a then known-to-be government agent. See attached twenty-one (21) page statement of defendant ADAMS given to Fort Lauderdale Detective Jim Young. See attached ten (10) page statement of defendant FELZER given to Fort Lauderdale Detective Jim Young .

        3.  Defendants did not testify before the grand jury.

        4.  The defendants have criminal histories which are attached.

        5.  Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained from or belonging to the defendant, include but are not limited to: FDIC certificate for Bank of America; surveillance photographs from Bank of America robbery; Lab report identifying FELZER'S fingerprints on clothing found at Pompano Fashion mall; shirt and baseball cap worn by the defendant FELZER; mens Lee jeans tag; red baseball cap; white tee shirt; assorted items purchased 10/23/00 at Pompano Fashion Mall (See attached BSO property receipts); Sears

receipts;assorted items recovered from the restrooms of the Pompano Fashion mall (See attached BSO property receipt).

    6.   The results or reports of physical or mental examinations or scientific tests or experiments made in connection with this case, if any exist, will be provided as soon as they are received by the undersigned. See attached fingerprint report.

    B.   The United States requests the discovery and production of those items described and listed in paragraph B of the Standing Discovery Order, and as provided by Federal Rule of Criminal Procedure 16(b).

    C.   The only information or material known to the United States which may be favorable to the defendant on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963) or United States v. Agurs, 427 U.S. 97 (1976) is as follows: none known.

    D.   The existence and substance of payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses within the scope of United States v. Giglio, 405 U.S. 150 (1972) and Napue v. Illinois, 360 U.S. 264 (1959) is as follows: none known

    E.   None Known

    F.   No defendants were identified in any photo spread.

    G.   The government agents and officers involved in this case have been advised to preserve all rough notes they may have taken.

    H.   The United States will advise the defendant, prior to trial, of its intent to introduce during its case in chief, evidence of other crimes, wrongs or acts as provided by Federal Rule of Evidence 404(b). Defendant FELZER committed additional bank robberies in Broward County, FL  These robberies occurred on October 16,2000 at the Bank of America located in Davie, Fl. and at the South Trust Bank located in Pompano Beach and on October 19, 2000 at the Republic Bank located in Deerfield Beach, Fl. These bank robberies are charged in case number 00-6323-CR-HURLEY.  Any evidence made available for inspection may be offered in the government's case in chief under Federal Rule of Evidence 404(b) or otherwise.

    I.   The defendant was not an aggrieved person as defined in Title 18, United States Code, Section 2510(11), that is, the defendant was not a party to any intercepted wire or oral communication or a person against whom the interception was directed.

    J.   The United States has ordered transcripts of the grand jury testimony of all witnesses who will testify for the government

at the trial of this case. The transcripts will be provided as required by Title 18, United States Code, Section 3500.

K. There are no controlled substances which are the subject of the indictment in this case.

L. The United States did not seize or forfeit any automobile, vessel or aircraft allegedly used in the commission of the offenses in this indictment.

M. Latent fingerprints of the defendant were recovered in this case. Latent Finger prints were recovered from clothing tags recovered from the restrooms of the Pompano Fashion Mall on October 23, 2000. These prints were compared with the known fingerprints of Joseph FELZER and it was determined that the recovered fingerprints matched the known prints of Joseph FELZER. The lab report of the comparison referenced above is attached.

The United States demands, pursuant to Federal Rule of Criminal Procedure 12.1, notice of the defendant's intention to offer a defense of alibi. The approximate date, time and place at which the alleged offense was committed is as follows:

Date:    10/23/2000 12:15PM

Place    Oakland Park Broward County, Florida

Respectfully submitted,

THOMAS E. SCOTT
UNITED STATES ATTORNEY

By: *[signature]*
Thomas P. Lanigan
ASSISTANT UNITED STATES ATTORNEY

CERTIFICATE OF SERVICE

I hereby certify that a copy of this Government's Response to Standing Discovery Order was mailed this 21th day of December, 2000 to: Robert Berube, Supervisory Assistant Federal Public Defender 101 NE 3rd avenue Fort Lauderdale, FL 33301.

*[signature]*
Thomas P. Lanigan
ASSISTANT UNITED STATES ATTORNEY

cc: S/A James Lewis, FBI