AO 245B (Rev. 3/98) Sheet 2 - Imprisonment

Judgment-Page __2__ of __7__

DEFENDANT:      KIMBERLY ADAMS *Hurley*
CASE NUMBER:    0:00CR06333-002

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of __28__ month(s).

This is the total term of imprisonment imposed as to Count I of the One-Count Indictment.

☒ The court makes the following recommendations to the Bureau of Prisons:

**The court recommends the defendant be permitted to participate in the 500 hour drug / alcohol rehabilitation program and the term of imprisonment be served at FPC Alderson's, West Virginia Women's Facility.**

FILED
01 SEP 14  AM 10:42
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIA

☒ The defendant is remanded to the custody of the United States Marshal.

REC'D by _____ D.C.
SEP 17 2001
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at _____ a.m./p.m. on _____.
  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on _____.
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

**RETURN**

I have executed this judgment as follows:

DEFENDANT DELIVERED ON _08-28-01_
SURRENDERED ON _____
TO FCI TALLAHASSEE, FLORIDA
BY BOP BUS _XX_ ; USM _____
BY: _B. Lymes, ISS_
For Inmate Systems Manager

Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

DEFENDANT: KIMBERLY ADAMS
CASE NUMBER: 0:00CR06333-002

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of ___3___ year(s).

This is the total term of supervised release imposed as to Count I of the One-Count Indictment.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below) . The defendant shall also comply with the additional conditions on the attached page (if indicated below).

See Special Conditions of Supervision - Page 4

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT:       KIMBERLY ADAMS
CASE NUMBER:     0:00CR06333-002

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall participate in an approved treatment program for drug and/or alcohol abuse as directed by the U.S. Probation Office. Participation may include inpatient/outpatient treatment, if deemed necessary. The defendant will contribute to the costs of services rendered (copayment) in an amount determined by the probation officer, based on ability to pay, or availability of third party payment.

The defendant shall maintain full time, legitimate employment and not be unemployed for a term of more than 30 days, unless excused by the United States Probation Officer. Further, the defendant shall provide documentation including, but not limited to paystubs, contractual agreements, W-2 Wage and Earnings Statements, and other documents requested by the United States Probation Officer.

The defendant shall provide complete access to financial information, including disclosure of all business and personal finances, to the United States Probation Officer.

The defendant shall submit to a search of his person or property conducted in a reasonable manner and at a reasonable time by the United States Probation Officer.

DEFENDANT:     KIMBERLY ADAMS
CASE NUMBER:     0:00CR06333-002

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 100.00 | $ | $ 2,519.49 |

☐ If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . . . $ _____

## FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ _____ .

    The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ The interest requirement is waived.

    ☐ The interest requirement is modified as follows:

## RESTITUTION

☐ The determination of restitution is deferred until _____ . An Amended Judgment in a Criminal Case will be entered after such a determination.

☒ The defendant shall make restitution to the following payees in the amounts listed below.

    If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | * Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| AS INDICATED IN THE PRESENTENCE INVESTIGATION REPORT | $2,519.49 | $2,519.49 | |
| Totals: | $ 2,519.49 | $ 2,519.49 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B (Rev. 8/96) Sheet 5, Part B - Criminal Monetary Penalties

Judgment-Page __6__ of __7__

DEFENDANT: **KIMBERLY ADAMS**
CASE NUMBER: **0:00CR06333-002**

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A  ☒  in full immediately; or

B  ☐  $ _____ immediately, balance due (in accordance with C, D, or E); or

C  ☐  not later than _____ ; or

D  ☐  in installments to commence _____ day(s) after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E  ☐  in _____ (e.g. equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ year(s) to commence _____ day(s) after the date of this judgment.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

**The criminal monetary penalties are due immediately and shall be paid to the U.S. Courts and addressed to: U.S. Clerks Office, ATTN: Financial Section, 301 North Miami Avenue, Room 150, Miami, FL 33128. The U.S. Bureau of Prisons, U.S. Probation Office and the U.S. Attorney's Office are responsible for the enforcement of this order.**

☒ Joint and Several

| Case Number (including Defendant Number) | Defendant Name | Joint and Several Amount |
|---|---|---|
| 00CR06333-001 | JOSEPH J. FELZER | $2,519.49 |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program are to be made as directed by the court, the probation officer, or the United States attorney.

FOR ADMINISTRATIVE PURPOSES ONLY
NOT TO BE MADE PUBLIC RECORD

VICTIM LIST

**Docket No. 00-6333-CR-FERGUSON**      **Defendant: KIMBERLY ADAMS**

---

BANK OF AMERICA
1601 East Oakland Park Boulevard
Fort Lauderdale, Florida 33310
(957) 587-2227
$2,519.49

# United States District Court

## Southern District of Florida

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | (For Offenses Committed On or After November 1, 1987) |
| KIMBERLY ADAMS | Case Number: 0:00CR06333-002 |
| | Kenneth J. Kukec, Esq. |
| | Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to count(s) **I of the One-Count Indictment on March 2, 2001.**

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 2113 (a) | Bank robbery. | 10/23/2000 | I |

The defendant is sentenced as provided in pages 2 through __7__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ (is)(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: 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

Defendant's Date of Birth: 07/14/1967

Defendant's USM No.: ~~65592-004~~ 55592-004

Defendant's Residence Address:
FDC
Miami, FL

Defendant's Mailing Address:
FDC
Miami, FL

07/20/2001
Date of Imposition of Judgment

Signature of Judicial Officer

Daniel T. K. Hurley
United States District Judge
Name & Title of Judicial Officer

Date August 1, 2001

Certified to be a true and correct copy of the document on file
Clarence Maddox, Clerk
U.S. District Court
Southern District of Florida
By: _____ Deputy Clerk
Date: August 1, 2001