UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6333-CR-HURLEY/VITUNAC

UNITED STATES OF AMERICA,
    Plaintiff,

v.

KIMBERLY ADAMS,
    Defendant.

-------------------------------------/

FILED by _____ D.C.
JUL - 8 2003
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## JUDGMENT & COMMITMENT UPON REVOCATION OF SUPERVISED RELEASE

**THE CAUSE** was before the court at a Violation of Supervised Release Hearing conducted on July 7, 2003. The court conducted an inquiry and concluded that the above named defendant, who having been placed on supervised release pursuant to the Sentencing Reform Act of 1984 and acts amendatory thereof, violated the conditions of her supervision by unlawfully possessing or using a controlled substance, failing to answer truthfully to all inquiries by the U.S. Probation Officer, failing to notify the U.S. Probation Officer of any change in residence, associating with a person who is a convicted felon without the permission of the U.S. Probation Officer, and failing to follow the instructions of the probation officer. For that reason, it is

**ORDERED** and **ADJUDGED** that:

The term and conditions of supervised release, imposed on July 20, 2001, is hereby **revoked** and the defendant is sentenced to **Time Served**.

Upon the completion of the term of imprisonment, the defendant shall be placed on Supervised Release for a term of **30 months** with the following special conditions:

1.    The defendant shall immediately enter the Comprehensive Alcoholism and

Rehabilitation Program (CARP) for a period of **30 days** and shall follow all the rules and regulations of the facility.

2. Upon completion of CARP, the defendant shall participate in the halfway house residential program for a period of **120 days**. The defendant is responsible for all financial obligations to the halfway house.

3. The defendant shall participate in an approved treatment program for mental health/substance abuse, as directed by the U.S. Probation Office, and abide by all supplemental conditions of treatment. Participation may include inpatient/outpatient treatment, if deemed necessary. The defendant will contribute to the costs of services rendered (co-payment) in an amount determined by the U.S. Probation Officer, based on ability to pay, or availability of third party payment.

4. The defendant shall maintain full-time, legitimate employment and not be unemployed for a term of more than 30 days, unless excused by the U.S. Probation Officer. Further, the defendant shall provide documentation, including but not limited to, pay stubs, contractual agreements, W-2 Wage and Earnings Statements, and any other documents requested by the U.S. Probation Office.

5. The defendant shall submit to a search of his person or property conducted in a reasonable manner and at a reasonable time by the U.S. Probation Officer.

All other terms and conditions imposed in the Judgment Order on July 20, 2001 and signed on August 1, 2001, are to remain the same.

**DONE** and **SIGNED** in Chambers at West Palm Beach, Florida this ___8th___ day of July, 2003.

Daniel T. K. Hurley
United States District Judge

**Copy furnished:**
U.S. Marshal (2 certified)

U.S. Probation Office (Terry Graves)
AUSA Karen Atkinson
AFPD Dave Lee Brannon